ELG/amc 07/13/09

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TRACEE D. HILTON-RORAR, et al. ) | CASE NO. 5:09 CV 1004 |
| ) | |
| Plaintiffs, ) | JUDGE DOWD |
| ) | MAGISTRATE JUDGE PEARSON |
| v. ) | |
| ) | |
| ) | |
| STATE AND FEDERAL ) | **PLAINTIFFS' FIRST REQUEST** |
| COMMUNICATIONS, INC., et al. ) | **FOR THE PRODUCTION OF** |
| ) | **DOCUMENTS DIRECTED TO** |
| **Defendants.** ) | **EACH AND EVERY DEFENDANT** |

Now come Plaintiffs, Tracee D. Hilton-Rorar ("Hilton-Rorar") and Brian E. Cassidy ("Cassidy"), and hereby propound the following Requests for the Production of Documents pursuant to Federal Rule of Civil Procedure 34. Plaintiffs request that each of the named defendants (collectively "Defendants") separately produce the documents and things set forth below that are in their possession, custody, or control, or in the possession, custody, or control of their attorneys and/or accountants, their investigators, and any persons acting on their behalf, to the offices of Edward L. Gilbert Co. L.P.A., One Cascade Plaza, Suite 825, Akron, Ohio 44308 or another place as may be mutually agreed upon within thirty (30) days.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1. "COMMUNICATION" or "COMMUNICATIONS" means, unless otherwise specified, any of the following: (a) any written letter, memorandum, DOCUMENT, or any other writing; (b) any telephone call between two or more PERSONS, whether or not such call was by

**PLAINTIFFS' EXHIBIT 2**

chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more PERSONS, whether or not such contact was by chance or prearranged, formal or informal, including, without limitation, conversations or meetings occurring via telephone, teleconference, video conference, electronic mail (e-mail), or instant electronic messenger (text message).

2. "CONCERNING" means constituting, summarizing, memorializing, referring to, and/or relating to.

3. "DOCUMENT" or "DOCUMENTS" means any tangible thing upon which any expression, COMMUNICATION or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, e-mail or electronic mail, electronic folders, microfilm, microfiche, computer tape, computer disk, computer hard drive, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

4. "IDENTIFY" or "IDENTITY" means:
    a. With respect to a PERSON, to state the PERSON'S full name, current or last known employer, that employer's address and telephone number, the PERSON'S title and/or

      position with that employer, and the PERSON'S current or last known home address and telephone number;

  b. With respect to a DOCUMENT, to state the type of DOCUMENT (i.e., letter, memorandum, telephone note, computer floppy or hard disk, CD, magnetic tape, etc.), the title of the DOCUMENT (if any), the date it was created, the author, all intended recipients including the addressee and any and all copyees, a brief description of the subject matter of the DOCUMENT, the present and/or last known location of the DOCUMENT, and to IDENTIFY all present or last known person in possession, custody or control of the DOCUMENT;

  c. With respect to a COMMUNICATION to state the name and affiliation of all PERSONS participating in, or present for, the COMMUNICATION, the date of the COMMUNICATION, and whether it was conducted in person or by other means (such as telephone, correspondence, e-mail), and whether it was recorded (e.g., stenographically or by audio or videotape);

  d. With respect to a MEETING to state the names and affiliations of all PERSONS participating in, or present for, the MEETING, the date of the meeting, and the location of the meeting, and the purpose of the meeting.

5. "MEETING" or "MEETINGS" means any coincidence of, or presence of, or telephone, television, radio, or other electronic communication between or among persons, whether such was by chance or prearranged, informal or formal.

6. "PERSON" or "PERSONS" means, unless otherwise specified, any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of

organization or arrangement, and government and government agency of every nature and type.

7. "YOU" or "YOUR" means the Defendants in this action, and all of their predecessors, partners, limited partners, affiliates, parent corporations, directors, staff, employees, and agents. These terms also include any representatives or agents acting on YOUR behalf, including, without limitation, attorneys, investigators, or consultants.

## CONSTRUCTION

The following rules of construction shall also apply.

1. "All" or "each" shall be construed as "all and each."
2. "Any" should be understood to include and encompass "all"; "all" should be understood to include and encompass "any."
3. "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
4. The use of the singular form of any word shall include the plural and vice versa.
5. "State researcher," "senior research analyst," and "research associate" all refer to the same position.

## INSTRUCTIONS

1. In the event Defendants produce original documents for inspection and copying, such production shall be as the documents are kept in the usual course of business.
2. In lieu of production for inspection and copying, Defendants may produce the requested documents by mail or delivery of true copies thereof to Edward L. Gilbert Co. L.P.A. at the aforesaid address, and make the originals available for inspection at a mutually agreed-upon

4

location, during normal business hours and upon reasonable notice. The documents copied shall be copied as they are kept in the normal course of business, and any titles, labels, or other descriptions on any box, folder, binder, file cabinet, or other container shall be copied as well.

3. Each document is to be produced, along with all non-identical copies, drafts, alterations, and translations thereof, in its entirety, without abbreviations or redactions.

4. If any part of a document is responsive to any of the following requests, the entire document shall be produced.

5. If Defendants withhold any of the requested documents from production under a claim of privilege or other protection, it must serve within thirty (30) days of the service of this request a list of such withheld documents ("privilege log") indicating, for each document withheld, the following information if known or available to Defendants: (i) the date composed or date appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies made; (v) the identity of all persons or entities who saw the original document or saw or received a copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the basis for claim of privilege or other immunity asserted. The privilege log should be sufficiently detailed to permit Plaintiffs to determine whether to make a motion with respect thereto.

6. If Defendants are aware of the existence of any requested items that they are unable to produce, specify in writing and serve upon the undersigned a list indicating the identity of such documents within thirty (30) days of the service of this request. Such identification should, for each such document, set forth whether the document: (i) has been destroyed; (ii) has been lost, misplaced, or stolen; or (iii) has never been, or is no longer, in the possession,

5

custody, or control of the responding party, in which case the name and address of any person or entity known or believed by Defendants to have possession, custody or control of that document or category of documents should be identified. In each such instance, each Defendant is to identify the document by author, addressee, date, subject matter, number of pages, attachments or appendices, all persons to whom it was distributed, shown, or explained, date and manner of destruction or other disposition, the reason for destruction or other disposition, and persons destroying or disposing of the document.

7. If Defendants contend that any of the following requests is objectionable in whole or in part, Defendants shall state with particularity each objection, the basis for it, and the categories of information and documents to which the objection applies, and Defendants shall respond to the request insofar as it is not deemed objectionable.

8. If Defendants find the meaning of any term in these requests unclear, Defendants shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

9. The following requests shall be deemed to be continuing. In accordance with Federal Rule of Civil Procedure 26(e), Plaintiffs request that if, after answering the requests, Defendants acquire additional knowledge or information regarding documents or things responsive to the requests, Defendants shall produce such documents or provide Plaintiffs with such additional knowledge or information.

10. Unless otherwise specified, each request calls for all documents created, received, or dated between January 1, 2006 and the date of your response to the request.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: A copy of Plaintiffs complete personnel files, payroll files, desk files, department files, and any and all other documents pertaining to Plaintiffs.

**REQUEST NO. 2**: A copy of the complete personnel files, payroll files, desk files, department files, and any and all other documents of all current and former employees of Defendants that Defendants classified as "exempt" under the Fair Labor Standards Act, Title 29, United States Code, Section 201, et seq. from July 1, 2006 to the present.

**REQUEST NO. 3**: Documents reflecting the functions that Plaintiffs were responsible for performing, including any job description, for all positions held during their employment.

**REQUEST NO. 4**: Copies of all formal or informal performance appraisals, evaluations, or reviews, and documents reflecting, referring to or otherwise concerning Plaintiffs' performance at any time during their employment.

**REQUEST NO. 5**: Copies of all formal and informal performance appraisals, evaluations, or reviews, and documents reflecting, referring to or otherwise concerning the performance of current and former employees of Defendant State and Federal Communications from July 1, 2006 to the present.

**REQUEST NO. 6**: Copies of all employee handbooks or manuals in effect from 2004 to the present.

**REQUEST NO. 7**: A copy of any agreements or contracts between Plaintiffs and Defendants.

**REQUEST NO. 8**: Documents that refer to the benefits to which Plaintiffs were entitled at any time during their employment, including, without limitation, documents reflecting group health and dental insurance, life insurance and eligibility for bonus consideration.

7

**REQUEST NO. 9**: Documents and/or logs pertaining to Plaintiffs computer log-in and log-out times.

**REQUEST NO. 10**: Documents and/or logs pertaining to each time Plaintiffs entered Defendants' premises using their key cards.

**REQUEST NO. 11**: A copy of Plaintiffs' time sheets and/or billable hour sheets.

**REQUEST NO. 12**: The complete contents of any other files maintained in Plaintiffs' names by Defendants.

**REQUEST NO. 13**: All applications for employment signed by Plaintiffs.

**REQUEST NO. 14**: All instruments signed by Plaintiffs relating to the obtaining or holding of employment.

**REQUEST NO. 15**: All communications (i.e. memoranda, meeting agendas) from Defendant Bartz given to Plaintiffs.

**REQUEST NO. 16**: All documents which relate or refer to Plaintiffs' hiring by Defendants, including hand written notes by John Chames, John Cozine, or Jeff Roberts.

**REQUEST NO. 17**: All documents which relate to or refer to any pre-hiring discussions between Plaintiffs and any Defendant regarding Plaintiffs' future employment or possible employment with Defendants.

**REQUEST NO. 18**: All organizational charts (or the functional equivalent) which show the chain of authority above or below Plaintiffs in the positions held by Plaintiffs with Defendants.

**REQUEST NO. 19**: All job descriptions for all positions held by Plaintiffs with Defendants in effect at any time while Plaintiffs held those positions.

**REQUEST NO. 20**: All documents setting forth job duties or performance standards for persons employed in the last position held by Plaintiffs with Defendants

**REQUEST NO. 21**: All documents signed by Plaintiffs which relate to or refer to any terms or conditions of Plaintiffs' employment with Defendants.

**REQUEST NO. 22**: All documents given to Plaintiffs, shown to Plaintiffs, or made available for review by Plaintiffs which relate to or refer to any terms or conditions of Plaintiffs' employment with Defendants.

**REQUEST NO. 23**: All documents regarding or referring to any discussions between Plaintiffs and Defendants regarding the terms or conditions of Plaintiffs' employment with Defendants.

**REQUEST NO. 24**: All communications by Defendant Bartz and others regarding or referring to Plaintiffs.

**REQUEST NO. 25**: All advertisements Defendants listed in periodicals or on the Internet (i.e. monster.com or lawmatch.com) pertaining to employment with Defendants from July 1, 2004 to the present.

**REQUEST NO. 26**: All documents and/or information Defendants relied upon to categorize Plaintiffs as "exempt" (including and not limited to legal opinions, bar association communications, internal communications, external communications, etc.).

**REQUEST NO. 27**: All communications between Plaintiffs and the clients of Defendants.

**REQUEST NO. 28**: All "Conversation Summary Sheets" prepared by Defendants' employees from July 15, 2008 to the present.

**REQUEST NO. 29**: All communications between Defendant Bartz and the clients of Defendants pertaining to compliance issues and/or state and federal regulations from July 15, 2008 to the present.

**REQUEST NO. 30**: All "Work Hour Reports" prepared by Defendants or employees of Defendants.

**REQUEST NO. 31**: All e-mails sent by or sent to Plaintiffs.

**REQUEST NO. 32**: All communications from the Akron Bar Association, Ohio Bar Association, or any other bar association concerning Defendant State and Federal Communication, Defendant Bartz, or employees or agents of Defendants.

**REQUEST NO. 33**: All training materials for the research associate and compliance associate positions.

          Respectfully submitted,

          **EDWARD L. GILBERT CO. L.P.A.**

          Edward L. Gilbert (0014544)
          Michael J. Wright (0075221)
          One Cascade Plaza, Suite 825
          Akron, Ohio 44308
          (330) 376-8855
          (330) 376-8857
          egilbert8@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via facsimile on this the 13th day of July, 2009 upon:

Thomas M. Saxer, Esq.
Michael S. Urban, Esq.
Thomas R. Houlihan, Esq.
Amer Cunningham Co., L.P.A.
159 South Main Street, Suite 1100
Akron, Ohio 44308

          Edward L. Gilbert
          Michael J. Wright
          Attorneys at Law