ELG/amc 07/13/09

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **TRACEE D. HILTON-RORAR, et al.** | ) | **CASE NO. 5:09 CV 1004** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE DOWD** |
| | ) | **MAGISTRATE JUDGE PEARSON** |
| v. | ) | |
| | ) | |
| | ) | |
| **STATE AND FEDERAL** | ) | **PLAINTIFFS' FIRST SET OF** |
| **COMMUNICATIONS, INC., et al.** | ) | **INTERROGATORIES DIRECTED** |
| | ) | **TO EACH AND EVERY DEFENDANT** |
| **Defendants.** | ) | |

Now come Plaintiffs, by and through the undersigned, and hereby propound the following Interrogatories to all Defendants to be answered separately and under oath and mailed to Plaintiffs' counsel by regular U. S. Mail within thirty (30) days from the date of service.

### DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1. "COMMUNICATION" or "COMMUNICATIONS" means, unless otherwise specified, any of the following: (a) any written letter, memorandum, DOCUMENT, or any other writing; (b) any telephone call between two or more PERSONS, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more PERSONS, whether or not such contact was by chance or prearranged, formal or informal, including, without limitation, conversations or meetings occurring via telephone, teleconference, video conference, electronic mail (e-mail), or instant electronic messenger (text message).

**PLAINTIFFS' EXHIBIT 3**

2. "CONCERNING" means constituting, summarizing, memorializing, referring to, and/or relating to.

3. "DOCUMENT" or "DOCUMENTS" means any tangible thing upon which any expression, COMMUNICATION or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, e-mail or electronic mail, electronic folders, microfilm, microfiche, computer tape, computer disk, computer hard drive, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

4. "IDENTIFY" or "IDENTITY" means:
    a. With respect to a PERSON, to state the PERSON'S full name, current or last known employer, that employer's address and telephone number, the PERSON'S title and/or position with that employer, and the PERSON'S current or last known home address and telephone number;
    b. With respect to a DOCUMENT, to state the type of DOCUMENT (i.e., letter, memorandum, telephone note, computer floppy or hard disk, CD, magnetic tape, etc.), the title of the DOCUMENT (if any), the date it was created, the author, all

2

      intended recipients including the addressee and any and all copyees, a brief description of the subject matter of the DOCUMENT, the present and/or last known location of the DOCUMENT, and to IDENTIFY all present or last known person in possession, custody or control of the DOCUMENT;

  c. With respect to a COMMUNICATION to state the name and affiliation of all PERSONS participating in, or present for, the COMMUNICATION, the date of the COMMUNICATION, and whether it was conducted in person or by other means (such as telephone, correspondence, e-mail), and whether it was recorded (e.g., stenographically or by audio or videotape);

  d. With respect to a MEETING to state the names and affiliations of all PERSONS participating in, or present for, the MEETING, the date of the meeting, and the location of the meeting, and the purpose of the meeting.

5. "MEETING" or "MEETINGS" means any coincidence of, or presence of, or telephone, television, radio, or other electronic communication between or among persons, whether such was by chance or prearranged, informal or formal.

6. "PERSON" or "PERSONS" means, unless otherwise specified, any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature and type.

7. "YOU" or "YOUR" means the Defendants in this action, and all of their predecessors, partners, limited partners, affiliates, parent corporations, directors, staff, employees, and agents. These terms also include any representatives or agents acting on YOUR behalf, including, without limitation, attorneys, investigators, or consultants.

## CONSTRUCTION

The following rules of construction shall also apply.

1. "All" or "each" shall be construed as "all and each."

2. "Any" should be understood to include and encompass "all"; "all" should be understood to include and encompass "any."

3. "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The use of the singular form of any word shall include the plural and vice versa.

5. "State researcher," "senior research analyst," and "research associate" all refer to the same position.

## INSTRUCTIONS

1. If the information requested by any Interrogatory is contained in documents, papers, or records in the custody of Defendant(s), you may so indicate and answer that Interrogatory by attaching copies of such documents or papers to your answers and by indicating the Interrogatory to which those documents or papers are deemed responsive.

2. These Interrogatories call for all information available to Defendant(s), employees of Defendant(s), and agents of Defendants(s) with respect to the subject matter into which they inquire. If some of the information is known by or available to a particular employee or agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided information with respect to each answer.

4

3. The space for your answer following each Interrogatory is not intended to limit your response or to suggest in any way the length of the answer that is required. If additional space to answer fully is needed, please attach a separate sheet to the page upon which the Interrogatory appears and indicate on such sheet the number of the Interrogatory to which the answer relates.

4. If you refuse to answer any Interrogatory in whole or in part, state clearly the basis for such refusal.

5. You are under a continuing duty to supplement seasonably your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, the identity and location of documents relating to the subject matter of the instant litigation, the identity of each person expected to be called as a witness at trial, and the subject matter on which the expert is expected to testify. You are also under a duty to correct any response, either incorrect or incomplete at the time it was made, as soon as the fact that the response was incorrect or incomplete is learned.

6. Where a claim of privilege or attorney work product is asserted in objecting to any interrogatory, or subpart thereof, identify the privilege claimed, and if the privilege is governed by law, indicate the privilege rule being invoked. If an objection goes to the production of a document, identify in writing each document so withheld by providing at least the following information:

    a. the title, date and the subject matter of this document;
    b. the title and the position of the sender of the document;
    c. the identity and position of each person who participated in the preparation of the document or on whose behalf the document was prepared;

      d. the identity and position of all persons (1) to whom the document was addressed, (2) to whom the document was sent, (3) who have seen the document, (4) who have possession or custody of the document, or (5) who have had disclosed to them any of the contents of the documents;

      e. a detailed statement of the basis for withholding the document, including facts establishing any claim of privilege, facts showing that the privilege had not been waived and the status of the person claiming the privilege, and

7. Identify and produce each segregable portion of any document to which the claim of privilege, attorney work product or other basis for withholding the document does not apply. If the claim of privilege or work product goes to an oral communication, please provide the following information:

      a. the name of the person making the communication and the names of the persons present when the communication was made,

      b. the date and the place of the communication,

      c. the general subject matter of the communication, and

      d. a detailed statement of the basis for withholding the document, including facts establishing any claim of privilege, facts showing that the privilege has not been waived and the status of the person claiming the privilege.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Provide the full name and title of the person answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** List the positions held by each Defendant during his/her tenure with Defendant. (State the title of each job, salary, benefits, and dates Defendants held each position.)

**ANSWER:**

**INTERROGATORY NO. 3:** Provide a list of all persons with testimonial knowledge of the facts and circumstances alleged in the complaint. (State the name, title and brief description of their knowledge.)

**ANSWER:**

**INTERROGATORY NO. 4:** State the reason(s) why Defendant(s) hire persons with Juris Doctor degrees for the state researcher, senior research analyst, research associate, and compliance associate positions, or any other positions.

**ANSWER:**

**INTERROGATORY NO. 5:** State the name, position, job description, duties, and exempt/non-exempt classification of each person employed by Defendant State and Federal Communications from January 1, 2006 to the present.

**ANSWER:**

**INTERROGATORY NO. 6:** State the reason(s) why Plaintiffs are classified as exempt.

**ANSWER:**

**INTERROGATORY NO. 7:** State the category or categories of exemptions in which Plaintiffs are classified.

**ANSWER:**

**INTERROGATORY NO. 8:** Specify whether any Defendant was investigated by the Akron Bar Association, Ohio Bar Association, or any other bar association. If so, why and what were the findings of the investigation(s)?

**ANSWER:**

**INTERROGATORY NO. 9:** State whether any Defendant was given legal advice, internally or externally, concerning overtime compensation requirements or exempt/non-exempt classifications. If so, when and state the nature of said advise?

**ANSWER:**

**INTERROGATORY NO. 10:** State the date Defendant State and Federal Communications was incorporated.

**ANSWER:**

**INTERROGATORY NO. 11:** State whether Jim Sedor is or ever has been classified as an exempt employee. If so, what category (or categories) of exemption(s) is he classified?

**ANSWER:**

**INTERROGATORY NO. 12:** State whether employees or former employees of Defendant(s) holding the positions of state researcher, senior research analyst, research associate, or compliance associate (or similar positions) have always been classified by Defendants as exempt. If not, when did Defendant(s) classify these positions as exempt?

**ANSWER:**

**INTERROGATORY NO. 13:** State the educational requirements to obtain employment as a state researcher, senior research analyst, research associate, or compliance associate (or similar positions) at Defendant State and Federal Communications.

**ANSWER:**

**INTERROGATORY NO. 14:** State the percentage of time Plaintiffs spent on each job duty or function as a state researcher, senior research analyst, or research associate.

**ANSWER:**

**INTERROGATORY NO. 15:** State the percentage of time Plaintiffs spent on each job duty or function as a compliance associate.

**ANSWER:**

**INTERROGATORY NO. 16:** State whether Nicole Chames held the position of compliance associate. If not, what was her job position, duties, and functions?

**ANSWER:**

**INTERROGATORY NO. 17:** State whether Defendant State and Federal Communications, Inc. classifies Nola Werren as full-time or part-time.

**ANSWER:**

**INTERROGATORY NO. 18:** List how many hours Nola Werren has worked per week from her date of hire to the present.

**ANSWER:**

**INTERROGATORY NO. 19:** State whether Defendant Bartz has ever been charged or disciplined for violating any state or federal rules or regulations. If yes, state the charge, date of the charge, and discipline received.

**ANSWER:**

**INTERROGATORY NO. 20:** State whether Defendant Bartz has ever been convicted of violating any state or federal statutes. If yes, state the conviction, date of conviction, and discipline received.

**ANSWER:**

**INTERROGATORY NO. 21:** State how much Defendant(s) charge clients for subscriptions to its publications.

**ANSWER:**

**INTERROGATORY NO. 22:** State how much Defendant(s) charge clients for filing or drafting their lobbying reports. State with specificity how much is charged per hour for work performed by Defendant Bartz, compliance associates, research associates, administrative assistants, and file clerks.

**ANSWER:**

**INTERROGATORY NO. 23** State the names of all expert witnesses you intend to use in this action. (Provide the name, address, area of expertise and a brief description of their anticipated testimony).

**ANSWER:**

**INTERROGATORY NO. 24:** List all documents you intend to use at the date of trial.

**ANSWER:**

**INTERROGATORY NO. 25:** Identify the full name of your corporate representative who will be the representative for the Defendant State and Federal Communications for depositions under Federal Rules of Civil Procedure 30(b)(6), hearings, and trial.

**ANSWER:**

**INTERROGATORY NO. 26:** State whether or not you have insurance which covers Plaintiffs' claims. If yes, please state the insurance carrier, the policy number, and the limits of coverage.

**ANSWER:**

**INTERROGATORY NO. 27:** State whether an employee of Defendant(s) classified as exempt has ever had a deduction in his or her paycheck for taking one day off during the week after he or

she used all of his or her annual leave. If yes, list the employee's name, date, and amount deducted from his or her paycheck.

**ANSWER:**

**INTERROGATORY NO. 28:** State whether Defendant(s) have ever paid an employee overtime compensation. If yes, provide the name of the employee, his or her job title, job duties, the date(s) paid, and the amount(s) paid.

**ANSWER:**

Respectfully submitted,

**EDWARD L. GILBERT CO. L.P.A.**

_____
Edward L. Gilbert (0014544)
Michael J. Wright (0075221)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857
egilbert8@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via facsimile on this the 13th day of July, 2009 upon:

Thomas M. Saxer, Esq.
Michael S. Urban, Esq.
Thomas R. Houlihan, Esq.
Amer Cunningham Co., L.P.A.
159 South Main Street, Suite 1100
Akron, Ohio 44308

						Edward L. Gilbert
						Michael J. Wright
						Attorneys at Law