ELG/jem    08/04/09

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEE D. HILTON-RORAR, et al. | ) | CASE NO. 5:09 CV 1004 |
| | ) | |
| Plaintiffs, | ) | JUDGE DOWD |
| | ) | MAGISTRATE JUDGE PEARSON |
| v. | ) | |
| | ) | |
| | ) | |
| STATE AND FEDERAL | ) | **PLAINTIFFS' SECOND REQUEST** |
| COMMUNICATIONS, INC., et al. | ) | **FOR THE PRODUCTION OF** |
| | ) | **DOCUMENTS DIRECTED TO** |
| Defendants. | ) | **EACH AND EVERY DEFENDANT** |

Now come Plaintiffs, Tracee D. Hilton-Rorar ("Hilton-Rorar") and Brian E. Cassidy ("Cassidy"), and hereby propound the following Requests for the Production of Documents pursuant to Federal Rule of Civil Procedure 34. Plaintiffs request that each of the named defendants (collectively "Defendants") separately produce the documents and things set forth below that are in their possession, custody, or control, or in the possession, custody, or control of their attorneys and/or accountants, their investigators, and any persons acting on their behalf, to the offices of Edward L. Gilbert Co. L.P.A., One Cascade Plaza, Suite 825, Akron, Ohio 44308 or another place as may be mutually agreed upon within thirty (30) days.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1. "COMMUNICATION" or "COMMUNICATIONS" means, unless otherwise specified, any

    of the following: (a) any written letter, memorandum, DOCUMENT, or any other writing;

    (b) any telephone call between two or more PERSONS, whether or not such call was by

**PLAINTIFFS' EXHIBIT 7**

chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more PERSONS, whether or not such contact was by chance or prearranged, formal or informal, including, without limitation, conversations or meetings occurring via telephone, teleconference, video conference, electronic mail (e-mail), or instant electronic messenger (text message).

2. "CONCERNING" means constituting, summarizing, memorializing, referring to, and/or relating to.

3. "DOCUMENT" or "DOCUMENTS" means any tangible thing upon which any expression, COMMUNICATION or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostatting, photographing, magnetic impulse, or mechanical or electronic recording and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, e-mail or electronic mail, electronic folders, microfilm, microfiche, computer tape, computer disk, computer hard drive, computer printout, computer card, and all other writings and recordings of every kind that are in your actual or constructive possession, custody or control.

4. "IDENTIFY" or "IDENTITY" means:

    a. With respect to a PERSON, to state the PERSON'S full name, current or last known employer, that employer's address and telephone number, the PERSON'S title and/or

position with that employer, and the PERSON'S current or last known home address and telephone number;

    b.  With respect to a DOCUMENT, to state the type of DOCUMENT (i.e., letter, memorandum, telephone note, computer floppy or hard disk, CD, magnetic tape, etc.), the title of the DOCUMENT (if any), the date it was created, the author, all intended recipients including the addressee and any and all copyees, a brief description of the subject matter of the DOCUMENT, the present and/or last known location of the DOCUMENT, and to IDENTIFY all present or last known person in possession, custody or control of the DOCUMENT;

    c.  With respect to a COMMUNICATION to state the name and affiliation of all PERSONS participating in, or present for, the COMMUNICATION, the date of the COMMUNICATION, and whether it was conducted in person or by other means (such as telephone, correspondence, e-mail), and whether it was recorded (e.g., stenographically or by audio or videotape);

    d.  With respect to a MEETING to state the names and affiliations of all PERSONS participating in, or present for, the MEETING, the date of the meeting, and the location of the meeting, and the purpose of the meeting.

5.  "MEETING" or "MEETINGS" means any coincidence of, or presence of, or telephone, television, radio, or other electronic communication between or among persons, whether such was by chance or prearranged, informal or formal.

6.  "PERSON" or "PERSONS" means, unless otherwise specified, any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of

organization or arrangement, and government and government agency of every nature and type.

7. "YOU" or "YOUR" means the Defendants in this action, and all of their predecessors, partners, limited partners, affiliates, parent corporations, directors, staff, employees, and agents. These terms also include any representatives or agents acting on YOUR behalf, including, without limitation, attorneys, investigators, or consultants.

## CONSTRUCTION

The following rules of construction shall also apply.

1. "All" or "each" shall be construed as "all and each."

2. "Any" should be understood to include and encompass "all"; "all" should be understood to include and encompass "any."

3. "And" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The use of the singular form of any word shall include the plural and vice versa.

5. "State researcher," "senior research analyst," and "research associate" all refer to the same position.

## INSTRUCTIONS

1. In the event Defendants produce original documents for inspection and copying, such production shall be as the documents are kept in the usual course of business.

2. In lieu of production for inspection and copying, Defendants may produce the requested documents by mail or delivery of true copies thereof to Edward L. Gilbert Co. L.P.A. at the aforesaid address, and make the originals available for inspection at a mutually agreed-upon

4

location, during normal business hours and upon reasonable notice. The documents copied shall be copied as they are kept in the normal course of business, and any titles, labels, or other descriptions on any box, folder, binder, file cabinet, or other container shall be copied as well.

3. Each document is to be produced, along with all non-identical copies, drafts, alterations, and translations thereof, in its entirety, without abbreviations or redactions.

4. If any part of a document is responsive to any of the following requests, the entire document shall be produced.

5. If Defendants withhold any of the requested documents from production under a claim of privilege or other protection, it must serve within thirty (30) days of the service of this request a list of such withheld documents ("privilege log") indicating, for each document withheld, the following information if known or available to Defendants: (i) the date composed or date appearing on the document; (ii) the author; (iii) the number of pages; (iv) the number of copies made; (v) the identity of all persons or entities who saw the original document or saw or received a copy of such document, and the job titles of each such person; (vi) the subject matter; and (vii) the basis for claim of privilege or other immunity asserted. The privilege log should be sufficiently detailed to permit Plaintiffs to determine whether to make a motion with respect thereto.

6. If Defendants are aware of the existence of any requested items that they are unable to produce, specify in writing and serve upon the undersigned a list indicating the identity of such documents within thirty (30) days of the service of this request. Such identification should, for each such document, set forth whether the document: (i) has been destroyed; (ii) has been lost, misplaced, or stolen; or (iii) has never been, or is no longer, in the possession,

custody, or control of the responding party, in which case the name and address of any person or entity known or believed by Defendants to have possession, custody or control of that document or category of documents should be identified. In each such instance, each Defendant is to identify the document by author, addressee, date, subject matter, number of pages, attachments or appendices, all persons to whom it was distributed, shown, or explained, date and manner of destruction or other disposition, the reason for destruction or other disposition, and persons destroying or disposing of the document.

7.  If Defendants contend that any of the following requests is objectionable in whole or in part, Defendants shall state with particularity each objection, the basis for it, and the categories of information and documents to which the objection applies, and Defendants shall respond to the request insofar as it is not deemed objectionable.

8.  If Defendants find the meaning of any term in these requests unclear, Defendants shall assume a reasonable meaning, state what the assumed meaning is, and respond to the request according to the assumed meaning.

9.  The following requests shall be deemed to be continuing. In accordance with Federal Rule of Civil Procedure 26(e), Plaintiffs request that if, after answering the requests, Defendants acquire additional knowledge or information regarding documents or things responsive to the requests, Defendants shall produce such documents or provide Plaintiffs with such additional knowledge or information.

10. Unless otherwise specified, each request calls for all documents created, received, or dated between January 1, 2006 and the date of your response to the request.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: A copy of all "C3s" given to clients from August 1, 2006 to the present.

**REQUEST NO. 2**: A copy of the complete personnel files, payroll files, desk files, department files, and any and all other documents of all current and former employees of Defendants that Defendants classified as "non-exempt" under the Fair Labor Standards Act, Title 29, United States Code, Section 201, et seq. from August 1, 2006 to the present.

**REQUEST NO. 3**: A copy of time sheets and/or billable hour sheets for all current and former employees of Defendants from August 1, 2006 to the present.

**REQUEST NO. 4**: All job descriptions for all positions held by any employee of Defendants from August 1, 2006 to the present.

**REQUEST NO. 5**: All documents setting forth job duties or performance standards for persons employed by Defendants from August 1, 2006 to the present.

**REQUEST NO. 6**: All documents and/or information Defendants relied upon to categorize employees as "non-exempt" (including and not limited to legal opinions, bar association communications, internal communications, external communications, etc.).

**REQUEST NO. 7**: All e-mails sent to employees of Defendants by Defendant Bartz from August 1, 2007 to the present.

**REQUEST NO. 8**: A copy of all training materials for any position held at Defendant State and Federal Communications, Inc. from August 1, 2007 to the present.

**REQUEST NO. 9**: A copy of all contracts between Defendant State and Federal Communications, Inc. and its clients from August 1, 2006 to the present.

**REQUEST NO. 10**: Documents sufficient to show the net worth of Defendant State and Federal Communications, Inc., including the identification and value of all properties and other assets

7

owned in whole or in part by Defendant State and Federal Communications, Inc., profit and loss

statements for each year since 2006 for properties owned by Defendant State and Federal

Communications, Inc., and all debts and liabilities of Defendant State and Federal

Communications, Inc.. Also included in this request are all financial statements that relate to

Defendant State and Federal Communications, Inc.'s assets, inventories, liabilities, gross and net

income, and the amount of any undistributed profits in Defendant's businesses.

**REQUEST NO. 11**: Federal and state tax returns for Defendant State and Federal

Communications, Inc. from 2006 to the present.

Respectfully submitted,

**EDWARD L. GILBERT CO. L.P.A.**

Edward L. Gilbert (0014544)
Michael J. Wright (0075221)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857
egilbert8@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via facsimile on this the 4th day of August,

2009 upon:

Thomas M. Saxer, Esq.
Michael S. Urban, Esq.
Thomas R. Houlihan, Esq.
Amer Cunningham Co., L.P.A.
159 South Main Street, Suite 1100
Akron, Ohio 44308

_____
Edward L. Gilbert
Michael J. Wright
Attorneys at Law

9

**EDWARD L. GILBERT CO. L.P.A.**
One Cascade Plaza - Suite 825
Akron, Ohio  44308
Telephone  (330) 376-8855
Telecopier (330) 376-8857

## FACSIMILE COVER SHEET

**DELIVER TO:**     Thomas M. Saxer, Michael S. Urban, and Thomas R. Houlihan

**LOCATION:** Amer Cunningham

**FAX #:**  (330) 762-9918

**FROM:**  Edward L. Gilbert/Michael J. Wright

**TELEPHONE NUMBER:**  (330) 376-8855

**NUMBER OF PAGES SENT (NOT INCLUDING COVER):**  9

**DATE:** August 4, 2009

**TIME SENT:** 4:30 p.m.

**CONTACT PERSON IF PROBLEM:**  Jessica

### CONFIDENTIALITY NOTICE

IF THIS DOCUMENT IS TRANSMITTED AND RECEIVED
BY ANYONE OTHER THAN THE PERSON OR ENTITY
INTENDED, SAID RECIPIENT IS HEREBY PLACED ON
NOTICE THAT ALL INFORMATION IS CONFIDENTIAL
AND ANY DISCLOSURE, NO MATTER WHAT FORM, IS
STRICTLY PROHIBITED.

*Re:     Hilton-Rorar et al. v. State and Federal Communications, Inc. et al.*