# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| TRACEE D. HILTON-RORAR ) | CASE NO. 5:09 CV 1004 |
| 80 THORLONE AVENUE ) | |
| AKRON, OHIO 44312 ) | |
| ) | |
| and ) | |
| ) | JUDGE DOWD |
| BRIAN E. CASSIDY ) | |
| 375 ROSLYN AVENUE ) | |
| AKRON, OHIO 44320 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| STATE AND FEDERAL ) | **FIRST AMENDED COMPLAINT** |
| COMMUNICATIONS, INC. ) | **(Jury Demand Requested Herein)** |
| 80 SOUTH SUMMIT STREET ) | |
| SUITE 100 ) | |
| AKRON, OHIO 44308 ) | |
| ) | |
| and ) | |
| ) | |
| ELIZABETH Z. BARTZ ) | |
| (In her individual and official capacity ) | |
| as CEO and President ) | |
| ) | |
| C/O STATE AND FEDERAL ) | |
| COMMUNICATIONS, INC. ) | |
| 80 SOUTH SUMMIT STREET ) | |
| SUITE 100 ) | |
| AKRON, OHIO 44308 ) | |
| Defendants. ) | |

**PLAINTIFFS' EXHIBIT 1**

Now come Plaintiffs, Tracee D. Hilton-Rorar ("Hilton-Rorar") and Brian E. Cassidy ("Cassidy"), by and through the undersigned, and for their First Amended Complaint against Defendants, State and Federal Communications, Inc. and Elizabeth Z. Bartz ("Bartz"), allege as follows:

## INTRODUCTION

1. Plaintiffs allege a violation under the Fair Labor Standards Act, Title 29, United States Code, Section 201, et seq.

2. Plaintiffs allege a violation of the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §4111 *et seq*. and other pendent state claims.

3. Plaintiffs are seeking compensatory damages, liquidated damages, treble damages, punitive damages, interest, attorney fees, costs, and any other relief deemed appropriate by the Court.

4. All conditions precedent to the filing of this suit have been performed or have occurred.

## JURISDICTION

5. Jurisdiction in this case is based on the existence of a federal question. This action arises pursuant to the Fair Labor Standards Act, Title 29, United States Code, Section 201, et seq. and 28 U.S.C. Sections 1331 and 1367, as shown more fully in this Complaint.

6. Pendant jurisdiction is further invoked for state claims under 28 U.S.C. 1367.

## PARTIES

7. Plaintiff, Tracee D. Hilton-Rorar, is a United States citizen who resides in Akron, Summit County, Ohio.

8. Plaintiff, Brian E. Cassidy, is a United States citizen who resides in Akron, Summit County, Ohio.

9. Defendant, State and Federal Communications, Inc., is an Ohio corporation with its principal place of business at 80 South Summit Street, Suite 100, Akron, Summit County, Ohio, 44308.

10. Defendant, Elizabeth Z. Bartz, is a United States citizen who resides in Akron, Summit County, Ohio. Defendant Bartz is the President and CEO of Defendant State and Federal Communications, Inc.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act of 1938)**

11. On January 2, 2008, Plaintiff Hilton-Rorar started working for Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz as an at-will employee.

12. On May 1, 2007, Plaintiff Cassidy started working for Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz as an at-will employee.

13. Plaintiff Hilton-Rorar worked an average of 47 hours per week while she was employed by Defendants.

14. Plaintiff Cassidy has worked an average of 49 hours per week since he has been employed by Defendants.

15. Defendants failed to pay Plaintiffs overtime for hours worked in excess of 40 hours per week.

16. Defendant Bartz repeatedly harassed Plaintiffs to increase their number of working hours.

17. On or about April 7, 2008, Plaintiff Hilton-Rorar filed a complaint with the U.S. Department of Labor, Wage and Hour Division.

18. On or about May 20, 2008, Plaintiff Hilton-Rorar received a letter from the U.S. Department of Labor, Wage and Hour Division stating that Defendants may be in violation of one or more acts enforced by the division and an investigation of Defendants would be scheduled.

19. On or about March 10, 2009, Plaintiff Hilton-Rorar informed Jeffrey Roberts, comptroller at Defendant State and Federal Communications, Inc. that she was entitled to overtime wages and filed a complaint with the U.S. Department of Labor, Wage and Hour Division.

20. On or about March 11, 2009, Plaintiff Hilton-Rorar's immediate supervisor, Amber Fish Linke ("Fish Linke") informed Plaintiff Hilton-Rorar that Defendant Bartz was furious that she filed a complaint with the U.S. Department of Labor, Wage and Hour Division.. Fish Linke further informed Plaintiff Hilton-Rorar that Defendant Bartz was going to harass her and Plaintiff Hilton-Rorar was not allowed to discuss her U.S. Department of Labor complaint with her coworkers or she would be fired.

21. On March 14, 2009, Plaintiff Hilton-Rorar was constructively discharged from State and Federal Communications, Inc.

22. Plaintiff Cassidy is currently employed at State and Federal Communications, Inc.

23. On May 1, 2009, Defendant Bartz verbally chastised Plaintiff Cassidy over the phone, whereby she called him a liar, unprofessional, and doll-headed. She then hung up the phone on him, marched into his cubicle, and violently snatched a document from Plaintiff Cassidy's hand.

24. On or about June 3, 2009, Defendant Bartz stated in a staff meeting that there would be no pay raises this year due to "unexpected costs." Defendant Bartz was referring to the current litigation.

25. Several of Plaintiff Cassidy's co-workers said to him after the meeting "I know what those unexpected costs are--a lawsuit."

26. Since this time, Defendant State and Federal Communications has hired four additional employees and given raises to some of its employees.

27. Plaintiff Cassidy did not receive a pay raise in 2009.

28. On or about July 15, 2009, Defendant Bartz invaded Plaintiff Cassidy's personal space and screamed at him "Did you want this?" referring to a document he had asked to see. Plaintiff Cassidy believed that Defendant Bartz was going to physically attack him because she had the document wrinkled up in her fist, shaking it at him.

29. On September 4, 2009, Defendants retaliated against Plaintiff Cassidy for filing this cause of action by issuing a written reprimand listing four bogus deficiencies in his work performance.

30. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

31. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

32. Defendant State and Federal Communications, Inc. is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

33. Defendants violated Sections 6 and 7 of the FLSA by failing to compensate Plaintiffs for overtime hours in accordance with the FLSA.

34. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs.

35. Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

36. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

37. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

38.     Wherefore, Plaintiffs demand compensatory damages of $500,000, liquidated damages of $500,000, attorney fees, costs, pre- and post-judgment interest, all wages and other economic benefits lost as a result of Defendants' unlawful acts and any other relief this Court may deem is fair and equitable.

## SECOND CAUSE OF ACTION
**(Ohio Minimum Fair Wage Standards Act)**

39.     On January 2, 2008, Plaintiff Hilton-Rorar started working for Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz as an at-will employee.

40.     On May 1, 2007, Plaintiff Cassidy started working for Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz as an at-will employee.

41.     Plaintiff Hilton-Rorar worked an average of 47 hours per week while she was employed by Defendants.

42.     Plaintiff Cassidy has worked an average of 49 hours per week since he has been employed by Defendants.

43.     Defendants failed to pay Plaintiffs overtime for hours worked in excess of 40 hours per week.

44.     Defendant Bartz repeatedly harassed Plaintiffs to increase their number of working hours.

45.     On or about March 11, 2009, Plaintiff Hilton-Rorar's immediate supervisor, Amber Fish Linke ("Fish Linke") informed Plaintiff Hilton-Rorar that Defendant Bartz was furious that she filed a complaint with the U.S. Department of Labor, Wage and Hour Division. Fish Linke further informed Plaintiff Hilton-Rorar that Defendant Bartz was going to harass her and Plaintiff Hilton-Rorar was not allowed to discuss her U.S. Department of Labor complaint with her coworkers or she would be fired.

7

46.   On March 14, 2009, Plaintiff Hilton-Rorar was constructively discharged from State and Federal Communications, Inc.

47.   Plaintiff Cassidy is currently employed at State and Federal Communications, Inc.

48.   On May 1, 2009, Defendant Bartz verbally chastised Plaintiff Cassidy over the phone, whereby she called him a liar, unprofessional, and doll-headed. She then hung up the phone on him, marched into his cubicle, and violently snatched a document from Plaintiff Cassidy's hand.

49.   On or about June 3, 2009, Defendant Bartz stated in a staff meeting that there would be no pay raises this year due to "unexpected costs." Defendant Bartz was referring to the current litigation. Several of Plaintiff Cassidy's co-workers said to him after the meeting "I know what those unexpected costs are--a lawsuit." Since this time, Defendant State and Federal Communications has hired four additional employees and given raises to some of its employees. Plaintiff Cassidy did not receive a pay raise.

50.   On or about July 15, 2009, Defendant Bartz invaded Plaintiff Cassidy's personal space and screamed at him "Did you want this?" referring to a document he had asked to see. Plaintiff Cassidy believed that Defendant Bartz was going to physically attack him because she had the document wrinkled up in her fist, shaking it at him.

51.   On September 4, 2009, Defendants retaliated against Plaintiff Cassidy for filing this cause of action by issuing a written reprimand listing four bogus deficiencies in his work performance.

52.   At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §4111 *et seq*.

53. Defendant State and Federal Communications, Inc. is subject to the overtime pay requirements of ORC §4111 *et seq.* because it is a corporation doing business in the state of Ohio.

54. As a result of the aforesaid violations of the Ohio Minimum Fair Wage Standards Act overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs. Accordingly, Defendants are liable pursuant to ORC § 4111 *et seq.*, together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

55. Wherefore, Plaintiffs demand compensatory damages of $500,000, treble damages of $1,000,000, attorney fees, costs, pre- and post-judgment interest, all wages and other economic benefits lost as a result of Defendants' unlawful acts and any other relief this Court may deem is fair and equitable.

### THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

56. On January 2, 2008, Plaintiff Hilton-Rorar started working for Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz as an at-will employee.

57. On May 1, 2007, Plaintiff Cassidy started working for Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz as an at-will employee.

58. Plaintiff Hilton-Rorar worked an average of 47 hours per week while she was employed by Defendants.

59. Plaintiff Cassidy has worked an average of 49 hours per week since he has been employed by Defendants.

60. Defendants failed to pay Plaintiffs overtime for hours worked in excess of 40 hours per week.

9

61. Defendants received the benefit of Plaintiffs' work, without compensating Plaintiffs. As a matter of equity, Defendants should not be allowed to prosper at Plaintiffs' expense.

62. The money Defendants owe Plaintiffs as wages, all inured directly to Defendants' benefit by its nonpayment to Plaintiffs for work done.

63. Plaintiffs should receive compensation to which Plaintiffs are entitled in equity and Defendants should not be unjustly enriched by its nonpayment of wages to Plaintiffs for the work they did.

64. Wherefore, Plaintiffs demand compensatory damages of $500,000, punitive damages of $500,000, attorney fees, costs, pre- and post-judgment interest, and any other relief this Court may deem is fair and equitable.

## FOURTH CAUSE OF ACTION
**(Wrongful Constructive Discharge in Violation of Public Policy)**

65. On January 2, 2008, Plaintiff Hilton-Rorar started working for Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz as an at-will employee.

66. Plaintiff Hilton-Rorar worked an average of 47 hours per week while she was employed by Defendants.

67. Defendants failed to pay Plaintiffs overtime for hours worked in excess of 40 hours per week.

68. Defendant Bartz repeatedly harassed Plaintiffs to increase their number of working hours.

69. On or about April 7, 2008, Plaintiff Hilton-Rorar filed a complaint with the U.S. Department of Labor, Wage and Hour Division.

70. On or about May 20, 2008, Plaintiff Hilton-Rorar received a letter from the U.S. Department of Labor, Wage and Hour Division stating that Defendants may be in violation of one or more acts enforced by the division and an investigation of Defendants would be scheduled.

71. On or about March 10, 2009, Plaintiff Hilton-Rorar informed Jeffrey Roberts, comptroller at Defendant State and Federal Communications, Inc. that she was entitled to overtime wages and filed a complaint with the U.S. Department of Labor, Wage and Hour Division.

72. On or about March 11, 2009, Plaintiff Hilton-Rorar's immediate supervisor, Amber Fish Linke ("Fish Linke") informed Plaintiff Hilton-Rorar that Defendant Bartz was furious that she filed a complaint with the U.S. Department of Labor Wage and Hour Division. Fish Linke further informed Plaintiff Hilton-Rorar that Defendant Bartz was going to harass her and Plaintiff Hilton-Rorar was not allowed to discuss her U.S. Department of Labor complaint with her coworkers or she would be fired.

73. On March 14, 2009, Plaintiff Hilton-Rorar was constructively discharged from State and Federal Communications, Inc.

74. A clear public policy exists and is manifested in the FLSA and Ohio Revised Code §4111 et seq.

75. Defendant Bartz constructively discharged Plaintiff Hilton-Rorar by harassing her repeatedly for not working more hours without overtime pay, which jeopardizes public policy.

76. Plaintiff Hilton-Rorar's constructive discharge was motivated by Defendant Bartz's harassing conduct related to public policy.

11

77. Defendant Bartz lacked an overriding legitimate business justification for the constructive discharge.

78. Wherefore, Plaintiffs demand compensatory damages of $500,000, punitive damages of $500,000, attorney fees, costs, pre- and post-judgment interest, and any other relief this Court may deem is fair and equitable.

### FIFTH CAUSE OF ACTION
(Retaliation - FLSA)

79. On May 1, 2007, Plaintiff Cassidy started working for Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz as an at-will employee.

80. Plaintiff Cassidy has worked an average of 49 hours per week since he has been employed by Defendants.

81. Defendants failed to pay Plaintiff Cassidy overtime for hours worked in excess of 40 hours per week.

82. Defendant Bartz repeatedly harassed Plaintiff Cassidy to increase his number of working hours.

83. On April 30, 2009, Plaintiff Cassidy, along with Plaintiff Hilton-Rorar, engaged in protected activity by filing a Complaint with the United States District Court, Northern District of Ohio, Eastern Division alleging that Defendants violated the FLSA and Ohio Minimum Fair Wage Standards Act.

84. Plaintiff Cassidy is currently employed at State and Federal Communications, Inc.

85. On May 1, 2009, Defendant Bartz verbally chastised Plaintiff Cassidy over the phone, whereby she called him a liar, unprofessional, and doll-headed. She then hung up the phone on him, marched into his cubicle, and violently snatched a document from Plaintiff Cassidy's hand.

86. On or about June 3, 2009, Defendant Bartz stated in a staff meeting that there would be no pay raises this year due to "unexpected costs." Defendant Bartz was referring to the current litigation.

87. Several of Plaintiff Cassidy's co-workers said to him after the meeting "I know what those unexpected costs are--a lawsuit."

88. Since this time, Defendant State and Federal Communications has hired four additional employees and given raises to some of its employees.

89. Plaintiff Cassidy did not receive a pay raise in 2009.

90. Plaintiff Cassidy would have received his annual pay increase if he did not file a lawsuit against Defendants.

91. Plaintiff Cassidy received a pay increase each year he worked for Defendants, except for 2009.

92. On or about July 15, 2009, Defendant Bartz invaded Plaintiff Cassidy's personal space and screamed at him "Did you want this?" referring to a document he had asked to see. Plaintiff Cassidy believed that Defendant Bartz was going to physically attack him because she had the document wrinkled up in her fist, shaking it at him.

93. On September 4, 2009, Defendants retaliated against Plaintiff Cassidy for filing this cause of action by issuing a written reprimand listing four bogus deficiencies in his work performance.

94. On September 10, 2009, Defendant Bartz informed Plaintiff Cassidy his hours would be reduced to 40 hours per week. His schedule would be 10:00 a.m. to 7:00 p.m., Mondays through Fridays.

95. Plaintiff Cassidy asked Defendant Bartz if he had a choice to work a different 8-hour schedule, but Defendant Bartz told him he had no choice.

96. Plaintiff Cassidy informed Defendant Bartz he has family issues that prevent him from working until 7:00 p.m. each night because he has two small children.

97. Defendant Bartz told Plaintiff Cassidy he had until Monday, September 14, 2009 to resolve the family issues.

98. Plaintiff Cassidy was given the 10:00 a.m. to 7:00 p.m. schedule in order to retaliate against him for filing the pending lawsuit.

99. Plaintiff Cassidy is the only Compliance Associate required to work 10:00 a.m. to 7:00 p.m., although he has worked at Defendant State and Federal Communications, Inc. longer than the other two Compliance Associates.

100. At all times material herein, Plaintiff Cassidy has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

101. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

102. Defendant State and Federal Communications, Inc. is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

103. Defendants violated Sections 6 and 7 of the FLSA by failing to compensate Plaintiff Cassidy for overtime hours in accordance with the FLSA.

104. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs.

105. Defendants acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

106. Defendants retaliated against Plaintiff Cassidy for engaging in a statutorily protected activity under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3).

107. Plaintiff Cassidy was subjected to adverse employment action following the protected activity when he was given a written reprimand listing four bogus deficiencies in job performance, by not receiving a pay increase, and by receiving the 10:00 a.m. to 7:00 p.m. schedule.

108. Plaintiff Cassidy would not have received a written reprimand if he did not file a lawsuit against Defendants.

109. Accordingly, Defendants are liable pursuant to 29 U.S.C. § 215(a)(3), together with an additional amount as liquidated damages, punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action. Further, Plaintiff Cassidy is entitled to injunctive relief against Defendant s to prevent retaliation against him in the future.

110. Wherefore, Plaintiff Cassidy demands compensatory damages of $500,000, liquidated damages of $500,000, punitive damages of $1,000,000, attorney fees, costs, pre- and post-judgment interest, injunctive relief, and any other relief this Court may deem is fair and equitable.

## SIXTH CAUSE OF ACTION
### (Retaliation – Ohio Minimum Fair Wage Standards Act)

111.    On May 1, 2007, Plaintiff Cassidy started working for Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz as an at-will employee.

112.    Plaintiff Cassidy has worked an average of 49 hours per week since he has been employed by Defendants.

113.    Defendants failed to pay Plaintiff Cassidy overtime for hours worked in excess of 40 hours per week.

114.    Defendant Bartz repeatedly harassed Plaintiff Cassidy to increase his number of working hours.

115.    On April 30, 2009, Plaintiff Cassidy, along with Plaintiff Hilton-Rorar, engaged in protected activity by filing a Complaint with the United States District Court, Northern District of Ohio, Eastern Division alleging that Defendants violated the FLSA and Ohio Minimum Fair Wage Standards Act.

116.    Plaintiff Cassidy is currently employed at State and Federal Communications, Inc.

117.    On May 1, 2009, Defendant Bartz verbally chastised Plaintiff Cassidy over the phone, whereby she called him a liar, unprofessional, and doll-headed. She then hung up the phone on him, marched into his cubicle, and violently snatched a document from Plaintiff Cassidy's hand.

118.    On or about June 3, 2009, Defendant Bartz stated in a staff meeting that there would be no pay raises this year due to "unexpected costs." Defendant Bartz was referring to the current litigation.

119.    Several of Plaintiff Cassidy's co-workers said to him after the meeting "I know what those unexpected costs are--a lawsuit."

120.    Since this time, Defendant State and Federal Communications has hired four additional employees and given raises to some of its employees.

121.    Plaintiff Cassidy did not receive a pay raise in 2009.

122.    Plaintiff Cassidy would have received his annual pay increase if he did not file a lawsuit against Defendants.

123.    Plaintiff Cassidy received a pay increase each year he worked for Defendants, except for 2009.

124.    On or about July 15, 2009, Defendant Bartz invaded Plaintiff Cassidy's personal space and screamed at him "Did you want this?" referring to a document he had asked to see. Plaintiff Cassidy believed that Defendant Bartz was going to physically attack him because she had the document wrinkled up in her fist, shaking it at him.

125.    On September 4, 2009, Defendants retaliated against Plaintiff Cassidy for filing this cause of action by issuing a written reprimand listing four bogus deficiencies in his work performance.

126.    On September 10, 2009, Defendant Bartz informed Plaintiff Cassidy his hours would be reduced to 40 hours per week. His schedule would be 10:00 a.m. to 7:00 p.m., Mondays through Fridays.

127.    Plaintiff Cassidy asked Defendant Bartz if he had a choice to work a different 8-hour schedule, but Defendant Bartz told him he had no choice.

128.    Plaintiff Cassidy informed Defendant Bartz he has family issues that prevent him from working until 7:00 p.m. each night because he has two small children.

129.    Defendant Bartz told Plaintiff Cassidy he had until Monday, September 14, 2009 to resolve the family issues.

130. Plaintiff Cassidy was given the 10:00 a.m. to 7:00 p.m. schedule in order to retaliate against him for filing the pending lawsuit.

131. Plaintiff Cassidy is the only Compliance Associate required to work 10:00 a.m. to 7:00 p.m., although he has worked at Defendant State and Federal Communications, Inc. longer than the other two Compliance Associates.

132. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §4111 *et seq*.

133. Defendant State and Federal Communications, Inc. is subject to the overtime pay requirements of ORC §4111 *et seq*. because it is a corporation doing business in the state of Ohio.

134. Defendants retaliated against Plaintiff Cassidy for engaging in a statutorily protected activity under the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code §4111 *et seq*.

135. Plaintiff Cassidy was subjected to adverse employment action following the protected activity when he was given a written reprimand listing four bogus deficiencies in job performance, by not receiving a pay increase, and by receiving the 10:00 a.m. to 7:00 p.m. schedule.

136. Plaintiff Cassidy would not have received a written reprimand if he did not file a lawsuit against Defendants.

137. Accordingly, Defendants are liable pursuant to Ohio Revised Code §4111 *et seq*. and Section 34a of Article II of the Ohio Constitution, together with an additional amount as liquidated damages, punitive damages, pre-judgment and post-judgment interest,

reasonable attorneys' fees, and costs of this action.  Further, Plaintiff Cassidy is entitled to injunctive relief against Defendant s to prevent retaliation against him in the future.

138.    Wherefore, Plaintiff Cassidy demands compensatory damages of $500,000, liquidated damages of $500,000, punitive damages of $1,000,000, attorney fees, costs, pre- and post-judgment interest, injunctive relief, and any other relief this Court may deem is fair and equitable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

s/Edward L. Gilbert
Edward L. Gilbert (0014544)
Michael J. Wright (0075221)
Attorneys at Law
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855
(330) 376-8857
egilbert8@sbcglobal.net

### JURY DEMAND

Plaintiffs hereby demand a trial by jury with the maximum number of jurors permitted by law for all claims in this action.

s/Edward L. Gilbert
Edward L. Gilbert
Michael J. Wright

19

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was electronically filed on September 22, 2009.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        /s/ Edward L. Gilbert  
                                        Edward L. Gilbert  
                                        Michael J. Wright  
                                        Attorneys at Law