PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEE D. HILTON-RORAR, *et al.*, | ) | CASE NO.   5:09-CV-01004 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DOWD |
| v. | ) | |
| | ) | MAGISTRATE JUDGE PEARSON |
| STATE AND FEDERAL | ) | |
| COMMUNICATIONS, INC., *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

Edward L. Gilbert Co., LPA moves the Court to quash a subpoena *duces tecum* issued on

behalf of Defendants.[1]  ECF No. 50.  For the following reasons, the Court **GRANTS** Movant

Edward L. Gilbert Co., LPA's Motion to Quash the subpoena.

## I.  Relevant Procedural and Factual Background

Movant is the law firm representing Plaintiff Hilton-Rorar in this case.  Tracee D. Hilton-

Rorar is a former employee of Defendant State and Federal Communications and a licensed

attorney.  ECF No. 26 at 2; ECF No.30 at 2.  Hilton-Rorar currently works as an independent

contractor performing legal services for Movant.  *See* ECF No. 52-6 (Hilton-Rorar's answer to

---

[1]  The Honorable Judge David D. Dowd, Jr. referred this case to the undersigned
Magistrate Judge for general pretrial supervision pursuant to the Court's order dated September
24, 2009.  ECF No. 22.

(5:09-CV-01004)

Interrogatory No. 5 of Defendants' second set of interrogatories).   Before obtaining a license to

practice law and prior to working for Defendants, Hilton-Rorar also worked for Movant as a law

clerk.

Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz, President and

CEO ("Defendants") "assist clients in complying with political contributions, lobbying and

procurement laws." ECF No. 26.

Hilton-Rorar and one other plaintiff brought suit alleging violations of the Fair Labor

Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act for Defendants failure

to pay overtime wages, retaliation, unjust enrichment, and other violations of state and federal

law .  *See* ECF No. 1;  ECF No. 28 at 12.

On December 8, 2009, Defendants served Movant with a Subpoena *Duces Tecum*

commanding Movant to produce seven categories of documents related to Hilton-Rorar's work

performed for Movant as an "employee" or "independent contractor."   *See* ECF Nos. 48 & 49.

ECF Nos. 48-1 (Ex. A) & 53 at 1.  Movant, a non-party to the underlying litigation, filed its

Motion to Quash on December 14, 2009, arguing that the subpoena should be quashed or

modified because it is unduly burdensome, overly broad, irrelevant, and issued " merely [to]

harass and annoy Plaintiffs' attorney." ECF No. 50 at 1-2.  Movant also requested

reimbursement from Defendants for "expenses related to responding to the subpoena." ECF No.

50 at 3.  Defendants opposed by arguing the requested documents are relevant and not overly

broad or unduly burdensome. ECF No. 53 at 2-3.

(5:09-CV-01004)

## II.  **Legal Standard**

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action.  Fed.R.Civ.P. 26(b)(1).  Rule 26(b)(1) of the Federal Rules of Civil Procedure explains that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Rule 26 is to be liberally construed to permit broad discovery. *See U.S. v. Leggett & Platt, Inc.,* 542 F.2d 655, 657 (6th Cir.1976).

There are, however, important limitations upon a party's right to conduct discovery.  Rule 26(b)(2)(C) provides that the Court must limit the extent of discovery if the discovery sought "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit . . . ."  Fed.R.Civ.P. 26(b)(2)(C).

The scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is also "subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1)." *Laethem Equip. Co. v. Deere and Co.,* 2007 WL 2873981. at *4 (E.D .Mich.2007) (internal quotation omitted).  Rule 45(c)(3) provides, in pertinent part, that "the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed.R.Civ.P. 45(c)(3)(A).  Rule 45(c)(3)(B) also further establishes that the court may quash or modify a subpoena if it requires "disclosing a trade secret

(5:09-CV-01004)

or other confidential research, development, or commercial information." Fed.R.Civ.P.

45(c)(3)(B).  The movant bears the burden of establishing that the issued subpoena violates Rule

45.  In evaluating a motion to quash a subpoena, the Court may consider "whether (i) the

subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to

obtain the same evidence, and (iii) to what extent the information sought is relevant,

nonprivileged, and crucial to the moving party's case." *Bogosian v. Woloohojian Realty Corp.*,

*323 F.3d 55, 66 (1st Cir. 2003)*.  "If the documents sought by the subpoena are 'relevant and are

sought for good cause,' then the subpoena should be enforced 'unless the documents are

privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing.'" *Chao v.*

*Local 951, United Food and Commercial Workers Int'l Union*, 2006 WL 2380609, at *2

(N.D.Ohio 2006) (*citing Bariteau v. Krane*, 206 F.R.D. 129, 130 (W.D. Ky. 2001)).

### III.  Discussion

As stated above, Movant offers a litany of reasons in support of the motion to quash.

They are discussed below.

**Relevance**

Movant claims that Plaintiff Hilton-Rorar's employment as a law clerk and independent

contract attorney and documents pertaining thereto are "completely irrelevant to the pending

action." ECF No. 50 at 2.  Defendants respond, without explanation, that learning of Hilton-

Rorar's reasons for ending her employment as a law clerk for Movant and then deciding to work

for Defendant is relevant, as is her compensation, among other things.

The Court cannot fathom and Defendants have not offered how the terms of Hilton-

-4-

(5:09-CV-01004)

Rorar's past or current work relationship with Movant is relevant to whether Defendant paid her

in accordance with federal and state wage and hour law or legally discharged her.  A review of

the pleadings confirms that there is no pending counterclaim or defense that entitles Defendants

to the requested information.  The Court finds the documents demanded by the subpoena are not

relevant to nor likely to lead to relevant information or otherwise crucial to the Defendants' case.

*See Bogosian , 323 F.3d at 66*.

### Other Means are Available to Obtain the Same Evidence

Nearly all of the documents sought from Movant have also been requested from Plaintiff

Hilton-Rorar in Defendants' second set of interrogatories and request for production of

documents. ECF No. 52.   Rule 26(b)(2)(C) provides that the Court must limit the scope of

discovery sought when that discovery "can be obtained from some other source that is more

convenient, less burdensome, or less expensive."  Fed.R.Civ.P. 26(b)(2)(C).  Defendants' request

confirms that Defendants think it likely that Hilton-Rorar may also have responsive information.

Practically speaking, it is unlikely that a former employers records will reveal Hilton-Rorar's

motivations for seeking employment with Movant.  That information is more likely to be

provided by Hilton-Rorar, if available at all.  Minimally, the information sought from Movant *via*

subpoena can presumably be produced more efficiently and less intrusively by Plaintiff Hilton-

Rorar herself.[2]  The Court finds that Hilton-Rorar is an alternate source of the requested

---

[2] The information sought in the subpoena corresponds to information sought from
Plaintiff Hilton-Rorar in Defendants' second set of interrogatories and request for production of
documents highlighted in Defendants' Motion to Compel. *Compare* ECF No. 48-1 (Exhibit A)
*with* ECF No. 52-1 at 5 (Requests 9, 10, 12, 13, 14, 15 & 17).  The only exception is that
Defendants have not requested Item No. 4 from Plaintiff Hilton-Rorar.

(5:09-CV-01004)

information and any possible relevant information demanded in the subpoena can more efficiently be provided by Plaintiff Hilton-Rorar herself.

### Cumulative and Unduly Burdensome

As stated above, Defendants have requested the same information at issue directly from Hilton-Rorar.  Simultaneously seeking the same information from different sources is sometimes prudent, but Defendants have not shown that to be the case here.  Also, it is certainly possible for a subpoena *duces tecum* to impose an undue burden even though it seeks relevant information. Because the information and documents Defendants seek, however, are not relevant to the underlying litigation, it is difficult to justify burdening a non-party with such a demand.

The subpoena is cumulative and subjects Movant to undue burden, in violation Rule 45(c)(3) of the Federal Rules of Civil Procedure.

### Intended "To Merely Harass and Annoy Plaintiffs"

If judged by statements made in Defendants' opposition, the subpoena perilously approaches an attempt to harass and annoy Movant.  Rather than offering salient facts or law to support its request, Defendants offered "an eye for an eye" justifications such as: "Additionally, Defendants have produced over 55,000 documents in this case.  Therefore, Movant's assertion of undue burden rings hollow" and  "Defendants were required to produce the complete personnel files of S&F employees notwithstanding its objections the requested information was not relevant."  ECF No. 53 at 2 & 3.  Although far short of persuading the Court that the subpoena was issued solely for legitimate purposes, Defendants' artful responses are not necessarily an admission of less than honorable intentions.  Rather, they could as easily be poor attempts at

-6-

(5:09-CV-01004)

defusing Movant's claim of the amount of work involved to produce relevant records.

The Court will reserve until a later time its ruling on Movant's request for reimbursement

of costs associated with moving to quash the subpoena.

### IV.  Conclusion

For the reasons set forth above, Movant Edward L. Gilbert Co., LPA's Motion to Quash

the subpoena issued on behalf of Defendants is **GRANTED**.  ECF No. 50.  The Court will hold

in abeyance its ruling on Movant's request for reimbursement of expenses.


IT IS SO ORDERED.


January 5, 2010                                                  s/ *Benita Y. Pearson*
Date                                                        United States Magistrate Judge