PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEE D. HILTON-RORAR, *et al.*, | ) | CASE NO.   5:09-CV-01004 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DOWD |
| v. | ) | |
| | ) | MAGISTRATE JUDGE PEARSON |
| STATE AND FEDERAL | ) | |
| COMMUNICATIONS, INC., *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

Defendants State and Federal Communications, Inc. and Elizabeth Bartz, invoking Local

Rule 37.2[1], move the Court to compel Plaintiffs to provide full and complete responses to certain

specified interrogatories and document requests.[2]  *See* [ECF No. 52](#).

---

[1] Curiously, Defendants rely upon Local Rule 37.2 without first meeting the tenets of Local Rule 37.1 or Civil Rule 37(a)(1).  Local Rule 37.2, Form of Discovery Motions, states: Upon motion for an order pursuant to Fed. R. Civ. P. 37, compelling an answer or production of documents or authorizing an inspection, the moving party shall include in his or her brief in support of said motion, immediately preceding the discussion and authorities relevant thereto, the interrogatory, document request, deposition question or request for admission in full and any response thereto alleged to be evasive or incomplete; the request for inspection; or the deposition notice, as may be appropriate. Multiple items may precede a single argument if they present common or related issues of fact and law. If there has been no response to the request for discovery or request for admission, or a complete failure to comply with such request, the moving party may append a copy of the interrogatories, document request, request for admission or deposition notice as an exhibit to the brief in lieu of copying the same in the body of the brief.

[2] The Honorable Judge David D. Dowd, Jr. referred this case to the undersigned Magistrate Judge for general pretrial supervision pursuant to the Court's order dated September 24, 2009.  [ECF No. 22](#).

(5:09-CV-01004)

### Request for a Hearing on the Motion to Compel

Having considered the pleadings, including Defendants' 13-page motion with its numerous pages of attachments and Plaintiff's objection, the Court finds it unlikely that a hearing would be of assistance in ruling on the motion, therefore, Defendants' request for a hearing is DENIED.

### Discussion and Ruling on the Motion to Compel

Defendants' motion to compel suffers from a fatal procedural defect and wounds the spirit of professionalism and collegiality that the rules governing the discovery process are meant to foster.

Federal Rule of Civil Procedure 37(a)[3] and Local Rule 37.1[4] make it clear that before filing a motion to compel the moving party must have conferred in good faith or attempted to do so in an effort to resolve the dispute without court intervention.  Evidence of this attempt to confer in good faith must be reflected in a certification included in the motion.

The instant motion does not contain the required certification.  Rather, Defendants acknowledge: (1) having been dissatisfied with Plaintiffs' initial discovery responses and issuing a letter demanding improved responses by Friday, December 11, 2009; (2) receiving an email from Plaintiffs' counsel advising that supplemental responses would be provided on Monday,

---

[3] Rule 37(a)(1) requires that motions to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain without court action."

[4] Local Rule 37.1(a)(1) states: Discovery disputes shall be referred to a Judicial Officer *only* after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.

(5:09-CV-01004)

December 14, 2009; and (3) filing its motion to compel seven days after receiving the supplemental responses (on Tuesday, December 15, 2009), without first attempting to confer in good faith about those supplemental responses.  ECF No. 52-1 at 1-2.

Defendants' counsel did not make a good faith attempt to confer with Plaintiffs' counsel after receiving the supplemental responses and before seeking court action.  Defendants' behavior violates Civil Rule 37(a) and Local Rule 37.1.  These rules are designed to encourage professionalism and collegiality among litigators and avoid unnecessary court intervention, protracted legal proceedings and needless expense and fees.  *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 182 (3d Cir. 2003).  Zealous advocacy does not excuse a "belligerent and uncompromising approach to the discovery process." *Id.*

For the reasons above, Defendants' Motion to Compel is DENIED.

### Plaintiffs' Request for Reimbursement of Fees and Expenses

The Court orders Plaintiffs' to submit an affidavit detailing any reasonable fees and expenses incurred in opposing the motion to compel within 14 days of the date of this Order. After receiving that information and any timely response from Defendants, the Court will provide the parties an opportunity to be heard regarding reimbursement of reasonable expenses and fees, in accordance with Rule 37(a)(5)(B).

IT IS SO ORDERED.

__January 7, 2010__                                    __s/ Benita Y. Pearson__
Date                                                   United States Magistrate Judge

-3-