PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRACEE D. HILTON-RORAR, *et al.*, | ) CASE NO.  5:09-CV-01004 |
| Plaintiffs, | ) |
| v. | ) JUDGE DOWD |
| | ) MAGISTRATE JUDGE PEARSON |
| STATE AND FEDERAL COMMUNICATIONS, INC., *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OPINION AND ORDER** |

Defendants have moved the Court to reconsider its order (ECF No. 59) quashing a subpoena issued to Edward L. Gilbert Co., LPA, the firm representing Plaintiffs in this matter.[1] ECF No. 61.  In its opposition to the motion to quash, Defendants cited relevance as justification for its requests without much elaboration.  ECF No. 53 at 3.  During oral argument, Defendants' counsel articulated reasons the Court found persuasive, in part.

Principally, Defendants argued that information relevant to Hilton-Rorar's past employment as a law clerk and current employment as an independent contractor could provide information that would (1) cast doubt upon her claim of constructive discharge; (2) reveal her compensation package; and (3) possibly, mitigate any claim for damages.  These illuminated

---

[1] Edward L. Gilbert Co., LPA is representing both Plaintiffs in the instant matter and Plaintiff Hilton-Rorar works as an independent contractor for the firm.  Defendants' pleading refers to Hilton-Rorar's employment.

(5:09-CV-01004)

arguments have merit relative to Hilton-Rorar's current work as an independent contractor for Edward L. Gilbert Co., LPA.

Federal Rule of Evidence 401 defines relevant evidence as that "having any tendency to make the existence of any fact of consequence" more or less probable.  F.R.E. 401.  With relevancy as the threshold, Courts have broad discretion to determine the scope of discovery. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir.1998)  Even within that broad discretion, the undersigned is not persuaded that documents and information relative to Hilton-Rorar's employment as a law clerk, a position held period prior to her employment with Defendants, are relevant to or likely to lead to the discovery of evidence relevant to issues in the instant lawsuit.[2]  *See* Fed.R.Civ.P. 26(b)(1).  Therefore, the motion to reconsider the Court's ruling quashing Defendant's subpoena requests for information and documents relative to Hilton-Rorar's law clerk experience with Edward L. Gilbert Co., LPA is DENIED.

Regarding the motion to reconsider the Court's ruling quashing Defendants' subpoena requests relative to Hilton-Rorar's work at Edward L. Gilbert Co., LPA as an independent contractor, the Court modifies its earlier ruling as follows[3]:

> 1. Edward L. Gilbert Co., LPA. must produce a redacted copy of the independent contractor agreement between itself and Tracee Hilton-Rorar.  This document should be designated as "Attorneys Eyes Only" and clearly labeled as such.
>
> 2. To the extent any exist, Edward L. Gilbert Co., LPA. must produce "all correspondence to or from Tracee Hilton-Rorar, or any other person acting on her

---

[2] The Court's ruling in ECF No. 59 is fully incorporated to the extent it is consistent with the rulings in this order.

[3] These items are in the same sequence of the items requested in the subpoena.

(5:09-CV-01004)

behalf, that refers or relates to her engagement [] either as an employee or as an independent contractor for Edward L. Gilbert Co., LPA, *but not including Hilton-Rorar's employment or potential employment as a law clerk*." All responsive documents should be designated as "Attorneys Eyes Only" and clearly labeled as such.

3. To the extent any exist, Edward L. Gilbert Co., LPA. must produce "all documents Tracee Hilton-Rorar provided to Edward L. Gilbert Co., LPA in relation to her engagement (or potential engagement) either as an employee or as an independent contractor for Edward L. Gilbert Co., LPA, *not including any documents regarding Hilton-Rorar's employment or potential employment as a law clerk*. All responsive documents should be designated as "Attorneys Eyes Only" and clearly labeled as such.

4. The motion to reconsider is DENIED relative to Defendants' request for documents regarding Edward L. Gilbert Co., LPA's decision to hire Hilton-Rorar as either an employee or an independent contractor. The decision making process of Edward L. Gilbert Co., LPA's and the state of mind of it proprietor is not relevant to nor likely to leads to the discovery of evidence relevant to issues in the instant case.

5. To the extent any exist, Edward L. Gilbert Co., LPA. must produce "all documents that relate to negotiations or discussions had between Tracee Hilton-Rorar and Edward L. Gilbert Co., LPA. *that relate to both the defendants and Hilton-Rorar's engagement (or potential engagement) either as an employee or as an independent contractor for Edward L. Gilbert Co., LPA*. Any negotiations or discussions had that do not relate to the defendants are not included in this order. All responsive documents should be designated as "Attorneys Eyes Only" and clearly labeled as such.

6. To the extent any exist, Edward L. Gilbert Co., LPA. must produce "all documents that relate to fringe benefits Edward L. Gilbert Co., LPA. offered to Tracee Hilton-Rorar, other than those specified in the employment agreement referenced in item 1. All responsive documents should be designated as "Attorneys Eyes Only" and clearly labeled as such.

7. The motion to reconsider is DENIED relative to item 7 which is vague, overly broad and, resultantly, likely to be unduly burdensome and probably covered in the items above.

(5:09-CV-01004)

       Edward L. Gilbert Co., LPA shall provide the above documents by February 17, 2010.


       IT IS SO ORDERED.


 February 4, 2010                                                      s/ *Benita Y. Pearson*
Date                                                              United States Magistrate Judge