PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRACEE D. HILTON-RORAR, *et al.*, ) | |
| ) | CASE NO. 5:09-CV-01004 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DOWD |
| ) | |
| STATE AND FEDERAL ) | MAGISTRATE JUDGE PEARSON |
| COMMUNICATIONS INC., *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

Before the Court is Plaintiffs Tracee D. Hilton-Rorar's and Brian Cassidy's ("Plaintiffs") Motion for Limited Discovery.[1] ECF No. 166. Specifically, Plaintiffs seek permission to depose two employees from the U.S. Department of Labor ("DOL") concerning the conclusions reached by the DOL. Defendants State and Federal Communications, Inc. and Elizabeth Z. Bartz ("Defendants") filed a Memorandum in Opposition arguing there is no reason to reopen discovery and that the basis for Plaintiffs' motion is "a total fabrication." ECF No. 167. Thus, the motion to amend has been briefed fully and is now ripe for consideration.

For the following reasons, the Court grants Plaintiffs' Motion for Limited Discovery.

---

[1] The Honorable Judge David D. Dowd, Jr. referred this case to the undersigned Magistrate Judge for general pretrial supervision pursuant to the Court's order dated September 24, 2009. ECF No. 22.

(5:09-CV-01004)

Plaintiffs may depose only the individuals referenced in their motion and each deposition must strictly adhere to Federal Rule of Civil Procedure 30, specifically 30(d)(1). No additional time will be granted.

Rule 16 of the Federal Rules of Civil Procedure permits modification of the Court's scheduling orders "only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). A court may grant a request to modify a schedule only "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." Id. (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir.2002)). A motion to reopen may properly be granted even when a court is considering a pending motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351 (6th Cir. 1989).

In the instant case, the DOL findings were not available to the Plaintiffs until after the Court's discovery cut-off date. The Court finds good cause for Plaintiffs' request for limited discovery given that Plaintiffs could not have deposed the DOL employees prior to the Court's scheduled discovery cut-off date. Further, Defendants — other than strongly disagreeing with Plaintiffs' purpose for conducting the depositions — have not shown nor does the Court find that they will suffer prejudice from the proposed limited discovery.

Accordingly, the Court grants Plaintiffs Motion for Limited Discovery. ECF No. 166. Plaintiffs may depose only the individuals referenced in their motion and each deposition must

(5:09-CV-01004)

strictly adhere to Federal Rule of Civil Procedure 30, specifically 30(d)(1).  Plaintiffs must conduct the depositions no later than June 11, 2010.  No extensions will be granted.

       IT IS SO ORDERED.

 May 13, 2010                                                                     s/ *Benita Y. Pearson*  
Date                                                                             United States Magistrate Judge